## THE ANTHRACITE.

### THE WILLIAM E. CLEARY.

(Circuit Court of Appeals, Second Circuit. March 16, 1909.)

#### No. 208.

TOWAGE (§ 11*)—INJURY TO TOW—TUGS ACTING JOINTLY—LIABILITY.

Where two tugs acted jointly in towing a barge, which was brought in contact with a rock by negligent steering, both tugs are responsible. though one of them was only acting as a helper; her master submitting her entirely to the commands of the master of the other.

[Ed. Note.—For other cases, see Towage, Cent. Dig. § 12; Dec. Dig. § 11.*]

Appeal from the District Court of the United States for the Southern District of New York, in Admiralty.

This cause comes here upon appeal from a decree holding the tugs Anthracite and William E. Cleary both liable for negligent towage of the barge Sylvia, which, while being towed by them, was brought into contact with Mill Rock. The opinion of the District Judge, which sets forth the facts, is reported in 162 Fed. 384.

Amos Van Etten, for appellant.

Carpenter, Park & Symmers (James K. Symmers, of counsel), for the Anthracite.

Alexander & Ash, for appellees Hammond and others.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The Anthracite was in charge of the tow—five boats on a hawser. The Cleary was a helper, cutting boats out of the tow and taking them to their individual destinations; but at the time when the accident happened she was lashed alongside the Anthracite with a hawser of her own to the tow, both tugs furnishing the motive power. Appellant contends that she should be held free from fault, because the steering was done by the Anthracite, whose master directed the proceedings on the part of the Cleary. Reliance is had upon our former decision in The Mason and Babock, 142 Fed. 913, 74 C. C. A. 83.

We concur with the District Court in the conclusion that the facts in that case differ so much from those in the case at bar that the decision above cited is not controlling. In the former case the Mason, which was the pilot tug, was held in fault because she did not give to the steamer in tow a timely signal to start up her own motive power just as a critical turn was about to be made in a narrow and tortuous channel. The Babcock was operating with the stern line of the tow.

She was generally under the direction of the Mason as to course, etc.; but as to the choice of her own heading, the strength of pull she was giving, and the details of navigation necessary to move the stern, so as to supplement and assist the Mason's work at the bow, she was, as we said, "exclusively under the control of her own master, and, although both tugs were co-operating in the same general undertaking, each was acting independently of the other in doing her part of the work." The Mason was held because, in doing her part of the work, she committed fault. The Babcock was exonerated, because she had nothing at all to do with that part of the work (the signaling to the tow) in which the fault was committed.

Here the facts are different. The fault was in steering, rounding to so carelessly as to bring the tow against the rock. The master of the Anthracite directed the steering, and the master of the Cleary submitted herself entirely to his commands. There was no independent action. In the steering both participated. The master of the Cleary testified that about Eighty-Sixth street he took the wheel out of the becket to be prepared to put it wherever the captain of the Anthracite wanted it, first putting it to starboard; that it was the same as if there were two wheelmen in the tugs and one mind directing them both. Practically, for the time being, the master of the Anthracite was the master of the Cleary, and the latter vessel participated in the act—improper steering—which caused the catastrophe. This in no way resembles the case of The Mason and Babcock, nor that of The Connecticut, 103 U. S. 710, 26 L. Ed. 467, where that vessel was held in fault for not giving timely warning by whistle of a change of course, and the Stevens, her helper, was exonerated, because "it was not her duty to signal the movements of the Connecticut."

The decree is affirmed, with interest and single bill of costs.