### THE BEGONA II. THE MARY P. RIEHL. THE CAR FLOAT I.

#### (District Court, D. Maryland. May 15, 1919.)

Collision ⬦140—Limitation of Liability—Vessel at Fault.

Where a tug and car float belonging to the same owner were both held at fault for collision with a ship, *held* that, as the car float had no control over its movements and the tug supplied its motive power, etc., the owner might limit its liability to the value of the tug alone.

In Admiralty. Libel by Ezequiel Echevarria, master of the steamship Begona II, against the tug Mary P. Riehl and the car float I, claimed by the Atlantic Transport Company. Owner allowed to limit its liability to the value of the tug.

R. E. Lee Marshall, of Baltimore, Md., and Robert S. Erskine, of New York City, for the Begona II.

George Forbes, of Baltimore, Md., and Chauncey I. Clark, of New York City, for the Mary P. Riehl and car float.

ROSE, District Judge. The facts of the collision out of which this case arises were told in an opinion handed down some time since. (D. C.) 241 Fed. 285. Both the ship and the tug were held in fault for the

collision between the former and a car float in tow of the latter. Both tug and float belonged to the Atlantic Transport Company. It seeks to limit its liability to the value of the tug. The owners of the damaged cargo on the ship say that it must surrender the float as well.

In the Sixth and Ninth circuits their contention would prevail. The Columbia, 73 Fed. 226, 19 C. C. A. 436; Shipowners' & Merchants' Tugboat v. Hammond Lumber Co., 218 Fed. 161, 134 C. C. A. 575; Thompson Towing & Wrecking Ass'n v. McGregor, 207 Fed. 209, 124 C. C. A. 479. In the Second circuit it would not. The Transfer No. 21, 248 Fed. 459, 160 C. C. A. 469. None of the other six Circuit Courts of Appeals appear to have passed upon it. In The Erie Lighter, 250 Fed. 490, District (now Circuit) Judge Haight, of the New Jersey district, followed the rule prevailing in the Second circuit.

Counsel for the owners of the tug and float claim that the principles laid down by the Circuit Court of Appeals for the First Circuit in The Coastwise, 233 Fed. 1, 147 C. C. A. 71, would logically require a like ruling there; but that is not absolutely certain, in view of the delicacy of the line which is sometimes drawn on this question even by the same court, as, for example, by the Circuit Court of Appeals for the Second Circuit between The W. G. Mason, 142 Fed. 913, 74 C. C. A. 83, and The Transfer No. 21, supra, on the one side, and The Anthracite, 168 Fed. 693, 94 C. C. A. 179, on the other.

The fact, of course, is that the question is an extremely close one. In the Second circuit, the owner of two vessels, jointly engaged for profit in the doing of a single piece of work, may limit his responsibility for the damage done by them to the value of that one which was in fault. The liability is said to be strictly in rem, and yet the result may be, as it was in The Transfer No. 21, supra, and in the instant case, that the thing which physically did the damage is not called upon to answer, either in itself or through its owner, while the other vessel, which itself was not in collision at all, is held solely liable, because, in the person of its navigator, it was adjudged blameworthy.

Moreover, if The Anthracite is properly decided, it is not always necessary that the navigator shall be himself either technically master of the ship which is responsible for his acts, or even be on that ship at the time the fault was committed. It suffices if he is actually directing its movements, when he makes the mistake, and it does the damage. But is not the captain of a tug, which has a tow lashed to it, or, as in the case at bar, is towing a craft which has neither power nor rudder of its own, the only person which has any control over its movements? However that may be, what the Supreme Court said and held in The Eugene F. Moran, 212 U. S. 466, 29 Sup. Ct. 339, 53 L. Ed. 600, seems more in harmony with the practice in the Second circuit than with that prevailing in the Sixth and Ninth circuits.

It follows that the owner of tug and float may limit its liability to the value of the former.